IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **MARIA DE LA CRUZ VARGAS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **MICHAEL R. POMPEO,** | § | |
| Secretary of State, | § | |
| *Defendant.* | § | |

**PETITION FOR DECLARATORY JUDGMENT**

Plaintiff, Maria De La Cruz Vargas, through her undersigned counsel, states as follows:

## I. INTRODUCTION

1. The Plaintiff, Maria De La Cruz Vargas, challenges the decision of the United States Department of State to deny her U.S. passport application.

## II. PARTIES

2. Plaintiff, Maria De La Cruz Vargas, is a United States citizen born in Laredo, Texas on July 2, 1967. Plaintiff is a resident of Webb County, Texas.

3. Defendant, Michael R. Pompeo, is a duly appointed and confirmed Secretary of State of the United States. He is the head of the Department of State and oversees the Department's various subdivisions including Bureau of Consular Affairs and Passport Services Directorate. Secretary Pompeo is being sued in his official capacity.

## III. JURISDICTION AND VENUE

4. The Court has jurisdiction over the lawsuit because the suit arises under 8

U.S.C. § 1503 in that Plaintiff is an individual within the United States who claimed a right or privilege as a national of the United States and was denied such right or privilege by a department, or official thereof, upon the ground that she is not a national of the United States.

5. Venue is proper under 42 U.S.C. § 1391(e) as to Defendant because he is an officer of an agency of the United States and is sued in his official capacity, and because this judicial district is where Plaintiff resides.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff has instituted this action within five years from the date of a final administrative decision by the United States Department of State. According to a letter dated January 16, 2014, the Department of State (DOS) contends that the supplementary documentation submitted by Plaintiff was not sufficient to establish birth in the United States. The letter goes on to state that a U.S. passport could not be issued and the application is denied. (See Letter from DOS, Exhibit A).

7. Sections 51.70 through 51.74 of Title 22 of the U.S. Code of Federal Regulations (CFR) state that a hearing is not provided in the case of an adverse passport action taken on the grounds of non-citizenship, such as in this case. Consequently, Plaintiff has exhausted her administrative remedies.

### V. BACKGROUND

8. Plaintiff was born on July 2, 1967 in Laredo, Texas. (See Plaintiff's Delayed Certificate of Birth, Exhibit B). Plaintiff's birth certificate names Cruz Vargas and

Margarita Perez (hereinafter referred to as "Ms. Perez") as father and mother respectively. The birth certificate references two supporting documents—a Certificate of Baptismal Record from Holy Redeemer Church dated October 7, 1973 and an Affidavit of Mother, Margarita Perez. (See Certificate of Baptism, Exhibit C).

9. Ms. Perez was born in Colorado Springs, Colorado on June 9, 1946. Before Plaintiff's birth, Ms. Perez resided with her uncle, Francisco Perez Barron, at 3219 San Dario Avenue in Laredo, Texas. (See Letter from Francisco Perez Barron, Exhibit D). After Plaintiff's birth, Ms. Perez resided at this home from approximately 1962 until 1976. (See Affidavit of Margarita Perez, Exhibit E).

10. Plaintiff's birth was attended by Emma Lopez, a midwife, after Ms. Perez's doctor was unavailable. Emma Lopez attended the birth at Ms. Perez's place of residence at 3219 San Dario Avenue in Laredo, Texas. (See Affidavit of Margarita Perez, Exhibit E).

11. Plaintiff has lived the entirety of her life in the United States. (See Affidavit of Maria De La Cruz Vargas, Exhibit F). Plaintiff attended Farias Elementary School in Laredo, Texas from 1975 to 1978 and Santa Maria Elementary School from 1978 to 1981. She attended L. J. Christen Middle School from 1981 to 1983. (See Plaintiff's School Records, Exhibit G). On July 25, 1986, Plaintiff graduated from Martin High School in Laredo. (See Plaintiff's High School Diploma, Exhibit H).

12. In 2010, Plaintiff submitted an application for a U.S. passport and was issued a passport card on June 11, 2010 with a June 10, 2020 expiration date. (See Plaintiff's Passport Card, Exhibit I). Plaintiff, as a resident of a border town, frequently utilized

her passport card to travel in and out of the country. On or around July of 2012, Plaintiff lost her United States Passport Card.

13.     On July 16, 2012, Plaintiff applied for a replacement passport at the Webb County Tax Office in Laredo, Texas and submitted a copy of her Delayed Certificate of Birth. In a letter dated January 16, 2014, the DOS cites to 22 C.F.R. 51.42 stating that an applicant must generally submit a birth certificate that has been filed at the appropriate state registry within one year of birth. The letter goes on to state that an applicant unable to meet these requirements must submit secondary evidence to sufficiently establish birth in the United States. The letter further cites a foreign birth record purporting that Plaintiff's birth occurred in Nuevo Laredo, Tamaulipas, Mexico on July 2, 1967 and filed on August 14, 1968. Ultimately, Plaintiff's U.S. passport application was denied. (See Letter from the DOS, Exhibit A).

14.     In February of 2017, Plaintiff was stopped and questioned at the Laredo International Bridge No. II after a short trip to Nuevo Laredo, Tamaulipas. Plaintiff was unable to present a passport card as that right had been denied to her. On this occasion, Plaintiff was sent to secondary inspection were she was aggressively interrogated by U.S. Customs and Border Patrol agents from 7 p.m. to 8 a.m. Ultimately, Plaintiff was paroled into the United States with an I-94. (See Plaintiff's I-94, Exhibit J).

15.     In a letter dated March 14, 2017, Investigator Christopher Inman with the Texas Health and Human Services Commission contacted Plaintiff in reference to an investigation involving a Texas birth certificate and asked to meet with her. (See Letter from Office of Inspector General, Exhibit K).  Later that month, Plaintiff met with

Investigator Inman who presented her with a Mexican birth certificate bearing the name Maricruz Vargas. Plaintiff remembers telling the Investigator Inman that the birth certificate was not a match as her full name is Maria De La Cruz Vargas. (See Affidavit of Maria De La Cruz Vargas, Exhibit F).

16. On March 24, 2017, Plaintiff requested a search for the alleged foreign birth certificate at the civil registry office in Nuevo Laredo, Tamaulipas. A search was conducted for a Maria De La Cruz Vargas Perez born on July 2, 1967 in Laredo, Texas to a Cruz Filemon Vargas and Margarita Perez. The alleged record in question was not located. (See Proof of Non-Existence of Birth, Exhibit L).

17. To date, Plaintiff has not been given an opportunity to challenge the revocation, either before or after it occurred. Plaintiff has been deprived of the right to a U.S. passport as a U.S. citizen. Ms. De La Cruz Vargas has ties on both sides of the Rio Grande. As a result of her passport revocation, she has suffered greatly due to her inability to travel back and forth between the United States and Mexico.

## VI. DECLARATORY JUDGMENT

18. Plaintiff, Maria De La Cruz Vargas, has been denied a right and privilege reserved for citizens of the United States, within the meaning of 8 U.S.C. § 1503, by virtue of the denial of her U.S. passport and inability to travel freely. Thus, Plaintiff is entitled to bring a declaratory judgment action under 8 U.S.C. § 1503, seeking a declaration that she is a U.S. citizen.

## VII. PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that in view of the above, the Court grant the following relief:

1. Assume jurisdiction over the matter;

2. Declare that Plaintiff is a U.S. citizen and permanently restrain and enjoin Defendants from withholding the requested passport;

3. Award reasonable attorney fees and Court costs;

4. Grant such other and further relief, as the Court may deem appropriate.

Respectfully submitted,

**THE LAW OFFICE OF
NORBERTO CARDENAS III, PLLC**

By: /s/ Norberto Cardenas III_____
NORBERTO CARDENAS III
Tx SBN 24049716
Fed Id No. 1074772
6909 Springfield Ave., Suite 101
Laredo, Texas 78041
(956) 726-0700 Tel.
(956) 726-0701 Fax
ncardenas@cardenaslaw.com
www.cardenaslaw.com

ATTORNEY FOR
MARIA DE LA CRUZ VARGAS

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | |
|---|---|
| **MARIA DE LA CRUZ VARGAS,** *Plaintiff,* | § § § |
| v. | § **CIVIL ACTION NO. _____** § |
| **MICHAEL R. POMPEO,** Secretary of State, *Defendant.* | § § § § |

**PETITION FOR DECLARATORY JUDGMENT**

IT IS HEREBY ORDERED that the **PLAINTIFF'S PEITITON FOR DECLARATORY** is set to be heard on the _____ day of _____, 2019, at _____ a.m. / p.m. before the Honorable Judge _____ in the courtroom of _____.

Signed on the day of _____, 2019

_____
JUDGE PRESIDING